IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

TYLER V. CITY OF OMAHA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

BILLY ROY TYLER, APPELLANT,

V.

CITY OF OMAHA, APPELLEE.

Filed January 2, 2018.    No. A-16-867.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed.

Billy Roy Tyler, pro se.

Timothy G. Himes, Sr., Assistant Omaha City Attorney, for appellee.

PIRTLE, BISHOP, and ARTERBURN, Judges.

BISHOP, Judge.

Billy Roy Tyler appeals, pro se, from the Douglas County District Court's denial of his replevin action seeking immediate return of his 1993 pickup truck which had been towed and impounded. We affirm.

### BACKGROUND

Tyler filed a replevin action (not in our record) against the City of Omaha (City) seeking immediate delivery/return of his impounded 1993 Chevy pickup truck. Trial took place on August 29, 2016. Tyler testified his truck was legally parked at a street curb when "it was stolen by these people." He claimed he had been pulled over and arrested on some miscellaneous matters which were subsequently "thrown out." He said he left his truck parked legally by a curb at 21st and Browne Streets (in Omaha, Nebraska) while he was in jail for 9 or 10 days. Just before he was released from jail, the truck was towed. Tyler said the letter he received from the impound lot

stated it was towed because of "no registration." Tyler claimed "[t]hey towed it right before" he got out of jail.

Officer Alan Peatrowsky, of the Omaha Police Department, testified that on August 1, 2016, he encountered the vehicle at issue parked on a public street with fictitious plates. He recalled it was approximately 9 a.m. His computer check revealed no current registration and no insurance. He noted that from the date of purchase, the owner of the vehicle has 30 days to register the vehicle, and "[i]t clearly had been passed the 30 days." Peatrowsky stated, "It was towed because it was unregistered on the City street. And a vehicle in that manner is subject to immediate tow." Peatrowsky had the truck towed to the City impound lot where he acknowledged it remained "until the time of this hearing[.]"

There was only one exhibit received in this case, but it contains multiple documents. There is a Nebraska Certificate of Title for a 1993 Chevrolet pickup reflecting Tyler's ownership and a purchase date of April 21, 2016. There is a photocopy of Tyler's driver's license and a Nebraska Vehicle Information System Vehicle Summary dated August 1, which contains a vehicle identification number matching Tyler's vehicle title, and shows zero registrations existing for that vehicle. Also included is an Omaha Police Department "Impounded Vehicle" report dated August 1, which reflects Tyler's vehicle was located abandoned at "N 21st St. and Browne St. with fictitious plates" and the vehicle "was impounded for being expired on city street." This document shows Peatrowsky as the reporting officer. There is also a notice to Tyler from the City dated August 2, which advises that his pickup, with no plates, was taken to the impound facility and if it is not claimed and removed within 5 days, the vehicle and its contents will be considered abandoned. It also states any person claiming the vehicle will be required to pay the cost of removal and storage. Another notice from the City dated August 10 informs Tyler the vehicle has been unclaimed and considered abandoned. Further, if it remains unclaimed, title to the vehicle will vest in the City in 30 days. The notice refers to "Neb. Rev. Stat. [§ 60-1901 (Cum. Supp. 2016)]."

The district court took judicial notice of this court's unpublished opinion, *Tyler v. Siebert*, No. A-94-659, 1996 WL 169875 (Neb. App. April 9, 1996) (not designated for permanent publication), because Tyler argued it was applicable to the present matter.

The district court denied Tyler's requested relief in an order entered on September 2, 2016. The court concluded that although the vehicle was not illegally parked, it had been abandoned, and therefore it had not been wrongfully detained by the City. Tyler timely appealed.

ASSIGNMENT OF ERROR

Tyler assigns, restated, that the district court erred in not ordering the immediate return of his truck.

STANDARD OF REVIEW

In a bench trial of a replevin action, the findings and disposition of the trial court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Packett v. Lincolnland Towing, Inc.*, 227 Neb. 595, 419 N.W.2d 149 (1988). However, to the extent questions of law are involved, we have an obligation to reach our own conclusions independent of those reached by the lower courts. *Allemang v. Kearney Farm Ctr.*, 251 Neb. 68, 554 N.W.2d 785 (1996).

ANALYSIS

Initially we note that the City claims Tyler's "brief is a travesty" and should be struck based on "Tyler's utter disregard for the rules applicable to preparation of briefs. Tyler's assignment of errors is nonsense and rife with factual errors and / or misrepresentations." Brief for appellee at 8. The City says Tyler's attempt to assign error "boils down to" the district court not following a case "that has no precedential value, is not binding authority on any court, and does not support Tyler's contentions in any way." *Id*. at 9.

While it is difficult to follow Tyler's brief, he does assign an error which is later "argued," wherein he essentially states the district court erred in not ordering the immediate return of his vehicle. His support for that error rests largely on an unpublished decision from our court, *Tyler v. Siebert, supra*. Tyler claims the circumstances in the present matter are "identical" to those in that case, and therefore, the district court should have ordered the truck returned to him in accordance with that 1996 case. Brief for appellant at 5.

The *Tyler v. Siebert* opinion stemmed from an action brought by Tyler for the return of an impounded 1975 Pontiac Catalina. Tyler claimed to be the owner of that car, and was in the vehicle when it was being driven by a juvenile with no valid driver's license. The car was pulled over, and in addition to the driver having no valid license, Tyler and a third passenger had suspended licenses. There was also no title in the car, no current registration, and the vehicle's plates had expired 2 years prior. An outdated registration listed Tyler and his wife as owners of the vehicle. The officer told Tyler that if Tyler's wife showed up with a valid driver's license, the officer would accept that as proof of ownership and allow her to remove the car. Tyler's wife never appeared, however, Tyler returned with an unnamed man who did have a driver's license. But since that person's name was not on the expired registration, the officer went ahead and had the vehicle towed. Tyler brought an action to recover possession of the vehicle. The district court found the City had the absolute right to possession of the vehicle until the appropriate fines and fees had been paid.

When the district court's decision in *Tyler v. Siebert* was appealed, this court interpreted Tyler's claim for the return of his vehicle to be a replevin action. This court concluded Tyler satisfied his burden of proof to show he was entitled to possession of the vehicle by ownership, so the burden of proof shifted to the City to establish a superior right of possession. In that case, the officer justified the towing based on the Omaha Municipal Code. However, those ordinances were not made part of the appellate record and this court would not take judicial notice of municipal ordinances not present in the record. This court then considered alternative means by which the City could establish a superior right of possession, but found none. Instead, this court concluded the evidence in the record showed the vehicle was properly parked, and the court could not find any statutory authority allowing a police officer to impound a vehicle that was properly parked. Accordingly, this court concluded the City did not have a superior right of possession and that Tyler was entitled to the vehicle.

Apparently based on his success in the *Tyler v. Siebert* case, Tyler believes he should be equally successful in the present matter. It is true that the same legal principles for a replevin action as discussed in *Tyler v. Siebert* would apply in the present case, so we set those forth first.

In a replevin case, the plaintiff has the burden to prove by a preponderance of the evidence that at the time of the commencement of the action (1) he was the owner of the property sought, (2) he was entitled to immediate possession of the property, and (3) the defendant wrongfully detained it. *Packett v. Lincolnland Towing, Inc., supra*. Once the plaintiff has made a prima facie case, the burden shifts to the defendant to establish a superior right of possession. *Id*.

Applying that law to the present facts, even if Tyler sufficiently proved the first two requirements for replevin, the record does not show that the City wrongfully detained his truck. As pointed out by the City, Tyler's truck was impounded because it was abandoned on a city street. Section 60-1901 states, in pertinent part: "(1) A motor vehicle is an abandoned vehicle: (a) If left unattended, with no license plates or valid In Transit stickers issued pursuant to the Motor Vehicle Registration Act affixed thereto, for more than six hours on any public property; . . ."

We recall Tyler's own testimony that the truck was towed just before he was released from spending 9 to 10 days in jail. By his own testimony, the truck had been parked on a public street for more than 6 hours. Further, Peatrowsky testified that Tyler's truck was parked on a city street and bore fictitious plates and had no current registration. This testimony was uncontroverted. Tyler's truck was abandoned as defined by the statute set forth above. Neb. Rev. Stat. § 60-1903(2) (Reissue 2010) requires that the last-registered owner, if any, of an abandoned vehicle be notified that if it is unclaimed, it will be sold or offered at public auction after 5 days from the date such notice was mailed, or title will vest in the local authority 30 days after such notice was mailed. The notices sent to Tyler about his towed vehicle were in compliance with the abandoned vehicle statutes. Further, any person claiming such a vehicle shall be required to pay the cost of removal and storage of such vehicle. See *id*. The local authority entitled to custody of an abandoned vehicle shall be the county in which the vehicle was abandoned or, if abandoned in a city or village, the city or village in which the vehicle was abandoned. Neb. Rev. Stat. § 60-1904 (Reissue 2010). In this instance, the vehicle was left curbside on a public street in Omaha for more than 6 hours without valid plates; accordingly, it was properly deemed abandoned and was subject to being towed.

Unlike the facts in *Tyler v. Siebert, supra*, where there was no evidence the City had a legal basis to take immediate possession of Tyler's vehicle in that instance, there is evidence in the present matter to support the City's possession under the motor vehicle abandonment laws discussed above. Tyler's reliance on *Tyler v. Siebert, supra*, is misplaced, and we find no clear error in the district court's decision to deny Tyler's replevin action.

For the sake of completeness, we also note the City suggests in its brief that Tyler's claim is moot because Tyler admitted at trial that he had regained possession of his truck. In his reply brief, Tyler disagrees with this assertion. Likewise, we do not read the portion of the record relied upon by the City to definitively reflect testimony from Tyler that his truck had been returned to him by the time of trial. Instead, on August 18, 2016, when the case first came before the district court (but was subsequently continued to August 29), there was some discussion and confusion about there being another case before a different judge involving Tyler and a vehicle. Here is what was stated:

> [THE COURT]: Are they the same facts?
> [City's Attorney]: No, Your Honor.

[THE COURT]: Different vehicle?

[City's Attorney]: I don't know.

[Tyler]: Same vehicle, different fact, different date, different time.

[THE COURT]: Did you ever get that car back?

[Tyler]: Yeah, the truck.

[THE COURT]: You got it back?

[Tyler]: Yeah.

[THE COURT]: On this one?

[Tyler]: No. That one was for my money back I gave them.

[THE COURT]: Oh, all right. This is a different case completely --

[Tyler]: Yeah.

[THE COURT]: -- unrelated.

[Tyler]: Yeah.

Tyler's testimony set forth above does not establish that the truck at issue had been returned to him by the time of trial. In fact, during trial, Peatrowsky acknowledged the truck had been towed to the City's impound lot and remained there "until the time of this hearing." Therefore, although Tyler's replevin claim fails, it was not moot.

## CONCLUSION

The district court's September 2, 2016, order denying Tyler's replevin action was not clearly wrong and is affirmed.

AFFIRMED.

- 5 -